**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **ORLANDO MAISONET,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY A. BEARD,** | : | **No. 07-772** |
| **Respondent.** | : | |


**<u>MEMORANDUM AND ORDER</u>**

**Schiller, J.**                                                                                          **January 26, 2009**

Petitioner Orlando Maisonet filed a pro se petition, pursuant to 28 U.S.C. § 2254, on February 26, 2007, seeking appointment of counsel to assist in pursuing a habeas corpus petition.[1] The Court subsequently appointed counsel and authorized initial funding for investigative services. Although Petitioner had not exhausted his state court remedies, he contended that the exhaustion requirement should be excused because inordinate delay had rendered futile the resort to state remedies.  Presently before the Court is Petitioner's Amended Motion for Authorization for Additional Funds for Critical Mitigation Services.  Given the recent progress in Petitioner's state-court case, which is now scheduled for appellate argument in April 2009, and for the reasons discussed below, Petitioner's amended motion is denied and his petition for habeas corpus is dismissed without prejudice.

---

[1] Petitioner's original filing sought appointment of counsel to pursue a habeas petition. Nonetheless, since it was brought pursuant to § 2254, the Court has treated it as a habeas petition and as the governing document in this case, pending the filing of an amended habeas petition.

I.      **BACKGROUND**

     A.      **Procedural History of Petitioner's Habeas Petition**

     Maisonet filed a pro se petition, seeking appointment of counsel to assist with preparing a habeas corpus petition, on February 26, 2007.  (Pet.'s "Letter in Application" in Proper Plea, for Assignment and/or Appointment of Qualified Legal Counsel to Clarify and Assist in Initiating a Legal Action to Redress an Ongoing Miscarriage of Justice Pursuant to the Authority of "The Great Writ" i.e. Habeas Corpus Exceptional Circumstances. 28 U.S.C. §§ 2241 and 2254 [hereinafter "Letter in Application"].)  On April 12, 2007, this Court granted Petitioner's application to proceed *in forma pauperis* and appointed Daniel Silverman as counsel.  The case was placed in civil suspense on December 11, 2007, to allow counsel additional time to review the state court record for claims to include in a habeas petition.[2]

     Upon Petitioner's motion, the case was reinstated to active status on July 24, 2008, with an amended habeas petition due by January 26, 2009.[3]  In a separate July 24, 2008 order, the Court granted Petitioner initial awards of $5,000 for a mitigation specialist and $2,500 for a legal investigator, which Petitioner had requested to investigate potential guilt-phase and penalty-phase claims.  (Pet.'s *Ex Parte* Mot. for Funds.)  On November 25, 2008, the Court awarded payment for services rendered to date by the mitigation specialist, but denied authorization of funds for additional mitigation services.  In response to this order, on December 30, 2008 Petitioner filed the instant

---

     [2] As Petitioner has noted in his filings with this Court, the record of his state trial needed to be recreated because the official court file was lost and remains missing.  *See* Criminal Docket, *Commonwealth v. Maisonet*, CP-51-CR-1134831-1990 [hereinafter "Criminal Docket"] (entry for Oct. 18, 2005) (noting that original file in case has been missing since July 1, 1997 and that duplicate record was created).

     [3] The Court has since extended the deadline to March 31, 2009.

motion.

**B.      Procedural History of Petitioner's State Criminal Case**

Petitioner was convicted of first-degree murder in the Philadelphia County Court of Common Pleas on June 11, 1992 and sentenced to death on that same date.  (Letter in Application, at 2; Pet.'s Mot. to Lift the Order Placing the Case in Civil Suspense and to Reinstate Case to Active Status at 1.)  Post-verdict motions were filed and it appears – although there is no docket or state court record that clearly confirms this – that the Petitioner was resentenced to death on February 23, 2005. (Criminal Docket; Letter in Application at 2.)[4]  A post-sentence motion was denied on September 19, 2005.  (Criminal Docket; Letter in Application at 2.)  Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on October 5, 2005.  (Criminal Docket; Letter in Application at 2.)  As a capital case, this appeal was moved to the Capital Appeal Docket of the Pennsylvania Supreme Court.  (Capital Appeal Docket Sheet, *Commonwealth v. Maisonet*, 490 CAP [hereinafter "Appeal Docket"]).

Letters to Petitioner from Bernard Siegel, attorney for Petitioner in the Supreme Court of Pennsylvania, and from the Supreme Court of Pennsylvania, which were attached to Petitioner's Letter in Application, indicate that the appeal was stalled, and a briefing schedule was not issued, because the Supreme Court did not promptly receive a copy of the Court of Common Plea's opinion and the original record.  (*See* Letter in Application at Ex. G [Letter of Jan. 11, 2006 from Bernard L. Siegel to Honorable John J. Poserina, Jr.] & Ex. I [Letter of Feb. 7, 2007 from Supreme Court of Pennsylvania to Orlando Maisonet] (noting that Supreme Court had still not received the opinion and

---

[4]The trial court docket for Petitioner's state case lacks any entries between December 10, 1990, when the case was created, and October 4, 2001.

3

original record in the case.)  The Supreme Court of Pennsylvania remanded the case for missing documents and finally received a certified copy of the trial court record on August 15, 2007. (Criminal Docket [first entry for July 23, 2007]; Appeal Docket.)  According to the Supreme Court of Pennsylvania's docket, after numerous petitions for an extension of time to file his brief, Siegel filed a brief on August 27, 2008.  (Appeal Docket.)  The Commonwealth's brief is due on February 12, 2009 and appellate argument is scheduled for April 2009.  (*Id.*)

## II.    DISCUSSION

The relevant federal habeas statute states that a petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (2006).  A district court can make an exception to this exhaustion requirement if the state-court corrective process is so defective that it "render[s] futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).  The Third Circuit has held that "exhaustion is not required if there is inordinate delay in state procedures."  *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000) (citing *Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d Cir. 1991) ("Inordinate delay in state procedures is one circumstance that can render state process ineffective to protect a prisoner's rights and therefore excuse exhaustion.")).[5]

In *Hankins*, the state court had failed to issue an opinion nearly eleven years after hearing arguments on a motion to withdraw a guilty plea.  941 F.2d at 247-49.  In its analysis the Third

_____

[5] Although the state has not raised the issue of exhaustion, the Third Circuit has recognized that it is proper for a court to raise the exhaustion requirement *sua sponte*.  *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987).

4

Circuit noted that "[t]here is no single, comprehensive test for inordinate delay. But we have previously held that when a state court fails to act in spite of 'ample opportunity' to decide a prisoner's claims, considerations of comity do not necessarily require dismissal for lack of exhaustion." *Id.* at 250 (citing *Codispoti v. Howard,* 589 F.2d 135, 142 (3d Cir.1978)). The *Hankins* court decided that the principle of comity was outweighed by the state court's failure to rule on the petitioner's motion, despite ample opportunity to do so, and its failure to sufficiently explain this delay, even after becoming aware of the pending habeas petition. *Hankins*, 941 F.2d at 250-52. A similar scenario underlies the Third Circuit's decision in *Story v. Kindt*, 26 F.3d 402 (3d Cir. 1994). In that case, the Petitioner sought post-conviction collateral relief in state court, but there was no disposition on his petition for nine years, largely because his appointed lawyers repeatedly failed to file an amended petition, even after receiving a court order to do so. *Story*, 26 F.3d at 404; *see also Coss v. Lackawanna County Dist. Att'y*, 204 F.3d 453, 460 (3d Cir. 2000) (excusing exhaustion based on seven years of inactivity on a petition pending under Pennsylvania's Post Conviction Hearing Act (PCHA)).

   Here, Petitioner has encountered substantial delay throughout his state criminal case. The docket for Petitioner's case before the Court of Common Pleas indicates that the case, begun in December 1990, did not receive a final disposition until September 2005, nearly fifteen years later. (Criminal Docket.) Petitioner's appeal was then delayed after the Court of Common Pleas lost his case file and failed to promptly convey an opinion and an original record to the Pennsylvania Supreme Court. After a certified copy of the record was received by the Supreme Court on August 15, 2007, Plaintiff's counsel requested numerous extensions of time to file his brief, which was finally filed on August 27, 2008. (Appeal Docket.) Plaintiff's appeal is now proceeding normally,

with the Commonwealth's brief due "on or about" February 12, 2009 and appellate arguments scheduled for April 2009.  (*Id.*)

_____In an earlier filing, Petitioner asserted that "[r]ecent progress by the state courts is nearly an irrelevant consideration and cannot excuse past delay or its effect on excusing the exhaustion requirement."  (Pet.'s Mot. to Lift the Order at 3.)  This assertion, however, overstates the relevant Third Circuit law.  For while recent progress may not excuse all prior delays, there is substantial Third Circuit authority that compels this Court to refrain from continuing with habeas proceedings given the recent progress in the Supreme Court of Pennsylvania.[6]  As the Third Circuit declared in *Walker v. Vaughn*:  "As a matter of general practice, we assume that a district court which has excused exhaustion but has not yet embarked upon proceedings of substance will stay its hand once there is reliable evidence that the state action has been reactivated." 53 F.3d 609, 615 (3d Cir. 1995) (citations omitted); *see also Luckett v. Folino*, 264 F. Appx. 171, 173 (3d Cir. 2008) ("When a previously stalled state action begins moving again, we generally hold that a state remedy is, once again, available, and that the petitioner should exhaust it."); *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002) ("Indeed, our cases have instructed district courts to stay their consideration of habeas petitions when previously stalled state proceedings resume.").

In *Burkett v. Cunningham*, the petitioner alleged, in seeking to show exhaustion due to inordinate delay, that the county court "delayed his appeal by transmitting the record four months late, and he allege[d] a further three-month delay since the district court's decision."  826 F.2d 1208, 1218 (3d Cir. 1987).  Nonetheless, the Third Circuit affirmed the district court's decision dismissing the

---

[6] The Court notes in passing that the substantial delays in this case are attributable to the Court of Common Pleas and not to the Supreme Court of Pennsylvania, which now appears prepared to move Petitioner's appeal towards a resolution.

claim for lack of exhaustion.  Given that the case was now before the Pennsylvania Supreme Court, the Third Circuit declared that "[u]nder the circumstances we believe that it is appropriate to allow that court, in the first instance, to hear petitioner's claims."  *Id.*

Undoubtedly,  Petitioner has suffered substantial delay in having his appeal heard; nonetheless, this Court believes that, given the progress in his case since our decision to reinstate it to active status on July 24, 2008, particularly the fact that appellate argument is now scheduled for April 2009, and the fact that this Court "has not yet embarked upon proceedings of substance," it is appropriate for the Court to "stay its hand."  This is not a situation in which "the state process is a 'procedural morass' offering no hope of relief," thereby necessitating that this court excuse exhaustion.  *See Hankins*, 941 F.2d 246 at 250.

Faced with similar scenarios, other courts in this district have also chosen to dismiss habeas petitions without prejudice.  In *Valasquez v. Brooks* the Petitioner's direct appeal in the state court system was also delayed.  Civ. A. No. 05-6745, 2006 WL 1160062 (E.D. Pa. May 1, 2006) .  Although a notice of appeal was filed on August 5, 2003, that appeal was delayed by the loss of the state court file and the death of a judge.  *Id.* at *1 n.1.  Because, however, the Superior Court had, just over one month earlier, ordered the trial court to transmit the record in the case, the court dismissed the case without prejudice, allowing the state appeal to proceed.  *Id.* at *1; *c.f. Prout v. Pennsylvania*, Civ. A. No. 03-6911, 2004 WL 945168 , at * 4 (E.D. Pa. April 29, 2004) (refusing to excuse exhaustion requirement and dismissing without prejudice when, although it took five years for petitioner to obtain decision on all claims in PCRA petition, his PCRA proceeding was "now 'proceeding normally' in the state courts"), *report and recommendation adopted by* 2004 WL 1126277 (E.D. Pa. May 20, 2004). Furthermore, staying our hand and refusing to excuse the exhaustion requirement will "facilitat[e] the

7

creation of a more complete factual record to aid the federal courts" in any subsequent review. *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

## III.   CONCLUSION

Recent progress in Petitioner's state-court case compels this Court to dismiss without prejudice his petition for habeas corpus and, accordingly, to deny his Amended Motion for Additional Funds for Critical Mitigation Services.  Should his state court proceedings again stall, Petitioner may once again request habeas relief.  An appropriate Order follows.

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ORLANDO MAISONET, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, | : | No. 07-772 |
| Respondent. | : | |

## ORDER

**AND NOW**, this **26**th day of **January, 2009**, in light of recent developments in

Petitioner's state-court case, and for the foregoing reasons, it is hereby **ORDERED** that:

1.   Petitioner's petition for a writ of habeas corpus (Document  No. 1) is

    **DISMISSED without prejudice.**

2.   Petitioner's Amended Motion for Additional Funds for Critical Mitigation

    Services (Document No. 12) is **DENIED as moot.**

3.   The Clerk of Court is directed to close this case.


BY THE COURT:

_____

**Berle M. Schiller, J.**